630 A.2d 252

Marvyn Junior CLARKE

v.

STATE of Maryland.

No. 1932, Sept. Term, 1992.

Court of Special Appeals of Maryland.

Sept. 7, 1993.

Melissa M. Moore, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

C. Frederick Ryland, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Dore J. Schwartz, Baltimore, and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellee.

Submitted before WENNER, FISCHER and CATHELL, JJ.

WENNER, Judge.

Appellant, Marvyn Junior Clarke, was convicted by a jury in the Circuit Court for Montgomery County of battery[1] and sentenced to two years of imprisonment. The sentence was suspended in favor of one year of supervised probation. On appeal, appellant asks:

I. Did the lower court err in refusing to admit relevant evidence proffered by the defense;

II. Did the lower court err in permitting improper closing argument by the prosecutor?

Finding no error, we shall affirm the judgment of the circuit court.

---

1. The jury acquitted appellant of assault with intent to maim.

## FACTS

On the evening of April 26, 1992, appellant and Alexander Anderson (Anderson) became involved in a dispute over the use of a 1982 Honda automobile.[2] Their eight month friendship ended abruptly after appellant stabbed Anderson in the shoulder, arm, and chest.

Anderson was admitted to Suburban Hospital, and appellant was charged with battery and assault with intent to maim. At trial, a number of witnesses testified about what they had observed on the evening of the incident. As most of the testimony bears no relation to the issues presented by appellant, we shall recount only that portion of the record relevant to the questions presented by appellant.

Anderson denied using drugs on the evening of the incident, but said that his friends were smoking marijuana and that he confronted appellant before "it was his turn."

Appellant subsequently attempted to introduce into evidence Anderson's medical records from Suburban Hospital. Specifically, appellant sought to introduce the results of blood tests showing that the test for marijuana in Anderson's blood stream was "presumptive positive." Appellant sought admission of the records without offering expert testimony to explain the "presumptive positive" results of the test. According to counsel for appellant, the medical records were admissible as business records under the business records exception of the hearsay rule, requiring no testimony other than that of the custodian of the records. Nonetheless, the trial judge denied admission of the records.

During closing argument, the prosecutor said:

. . . [appellant] very easily could have killed Mr. Anderson; in fact the State could have charge [sic] assault with intent to kill. We did not. Why? Because—

---

2. The automobile had been purchased by appellant, but was registered and insured in Anderson's name because appellant had no driver's license.

After the trial judge overruled counsel for appellant's objection, the prosecutor continued:

> if he wanted to, he could have, but he did not. He got scared that he had gone so far . . .

Appellant was convicted, sentenced, and this appeal followed.

## I.

Appellant first contends that the trial judge erred in excluding Anderson's medical records. Appellant believes that the records were admissible under the business records exception to the hearsay rule. Md.Code (1973, 1989 Repl.Vol.) § 10–101 of the Courts and Judicial Proceedings Article. He is only half correct.

Hearsay is an out-of court assertion offered in court for the truth of the matter asserted. *In re Rachel T.*, 77 Md.App. 20, 549 A.2d 27 (1988). Under the business records exception to the rule, medical records are ordinarily admissible if they are kept in the ordinary course of the hospital's business and the entries contained in the records are pathologically germane. *State v. Garlick*, 313 Md. 209, 545 A.2d 27 (1988). Thus, we agree that the medical records offered by appellant would ordinarily have been admissible under the business records exception to the hearsay rule.

When, however, the medical records are being offered to impeach the victim, an additional hurdle must be cleared. To be sure, evidence that the victim can neither perceive nor recollect the incident about which he is testifying because he had been using drugs at the time of the incident may ordinarily be used for impeachment. *See Lyba v. State*, 321 Md. 564, 583 A.2d 1033 (1991). But when the victim denies on cross-examination that he had been using drugs at the time of the incident, the inquiry is ended unless evidence to contradict the victim's denial is proffered. If such evidence is proffered, further inquiry may be permitted. *Id.* In a situation such as this, the trial judge is vested with discretion

to permit or deny further inquiry. *Id.* These principles are the same, whether the evidence is proffered for the purpose of questioning the victim's credibility by suggesting that the victim is lying about his use of drugs, or that the victim's ability to recollect the incident was actually impaired by the use of drugs.

While this precise question has not yet been decided in Maryland,[3] we find guidance in a neighboring jurisdiction. In *Durant v. United States,* 551 A.2d 1318 (D.C.App.1988), the District of Columbia Court of Appeals reversed a conviction for assault with intent to rob because of error in admitting in evidence, for the purpose of impeaching the defendant, a lab report showing an unspecified amount of PCP in his urine the day after the alleged offense. The defendant denied having used PCP on the day in question and there was an unrebutted proffer that trace elements of PCP can be detected in urine long after the effects of the drug have been dissipated. In the absence of expert testimony linking the presence of PCP in the defendant's urine the day after the alleged offense to his behavior and his ability to perceive and recall the events about which he testified, the lab report was held to be an insufficient evidentiary foundation to be used as extrinsic evidence for impeachment purposes. We believe that *Durant* is persuasive.

In the case *sub judice,* Anderson's medical records contained lab reports showing a "presumptive positive" result of the test for the presence of marijuana in his blood stream. During his testimony, Anderson had denied using drugs on the evening in question. In an attempt to impeach Anderson's credibility, appellant sought to introduce the records, but offered no expert testimony to explain the meaning of the

---

**3.** Although we have not decided this issue in the criminal context, we ran upon a similar issue in a negligence case. In *Mitchell v. Montgomery County,* 88 Md.App. 542, 596 A.2d 93 (1991), we held that evidence that the plaintiff had tested positive for drug use was inadmissible as proof of contributory negligence because the defendant's expert could not testify with any certainty that the plaintiff was under the influence of drugs at the time of the accident.

term "presumptive positive," or the actual results of the test. In the meantime, the trial judge observed that traces of marijuana remain in the blood stream for several days after its use. Appellant offered no rebuttal of the trial judge's comment. Consequently, the trial judge did not abuse his discretion in excluding the records. To have done otherwise would have possibly confused the jury and unnecessarily distracted its attention from the issues in the case. *See Smith v. State,* 273 Md. 152, 328 A.2d 274 (1974).

In short, Anderson's medical records would have been admissible for the purpose of impeachment only if appellant had proffered an expert witness to explain their probative value and the meaning of the term "presumptive positive." This he failed to do. There was no error.

## II.

Appellant next contends that the trial judge erred in permitting the prosecutor to comment during closing argument that appellant could have been charged with assault with intent to kill. Again we disagree.

We said very recently in *Davis v. State,* 93 Md.App. 89, 611 A.2d 1008, *cert. granted,* 329 Md. 22, 616 A.2d 1286 (1992), that "closing argument is a robust forensic forum wherein its practitioners are afforded a wide range for expression." Generally, counsel are free to discuss the evidence and all reasonable and legitimate inferences that may be drawn from the evidence. *Wilhelm v. State,* 272 Md. 404, 326 A.2d 707 (1974). The scope of closing argument is not boundless, however. For example, the prosecutor should not be permitted to make comments calculated to inflame the jury and unfairly prejudice the defendant, to comment on matters not in evidence, or to infer that defense counsel has suborned perjury or fabricated a defense. *See Hunt v. State,* 321 Md. 387, 435, 583 A.2d 218, *cert. denied,* —— U.S. ——, 112 S.Ct. 117, 116 L.Ed.2d 86 (1991), and cases therein cited. The trial judge has wide discretion with respect to what counsel may say during closing argument, *Henry v. State,* 324 Md. 204, 596 A.2d 1024 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1590,

118 L.Ed.2d 307 (1992), and the trial judge's exercise of that discretion will not be disturbed unless clearly abused and prejudicial to the defendant. *Booth v. State,* 306 Md. 172, 507 A.2d 1098, *vacated in part,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987).

■ After carefully reviewing the record before us, we are of the opinion that the prosecutor's comment was nothing more than the State's admission that it had chosen not to prosecute the more serious charge because the evidence was not sufficient. In other words, we see nothing whatever in the prosecutor's comment that would have inflamed the jury or unfairly prejudiced it against appellant. While it was surely a comment on matters not in evidence, we are not willing to say that the trial judge abused his discretion in permitting the prosecutor to make such a comment, nor do we perceive unfair prejudice to appellant.

■ In closing, we point out that not every improper comment made during closing argument requires reversal, *Jones v. State,* 310 Md. 569, 530 A.2d 743 (1987), *vacated on other gr'ds,* 486 U.S. 1050, 108 S.Ct. 2815, 100 L.Ed.2d 916 (1988), and we shall apply that principle here.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**